Good morning, Your Honors. Phil Hentels, representing Mr. Thomas. In preparing for argument this morning, I reviewed everything that I'd written. I don't know if there's anything that I specifically need to address with the court or to clarify from my documents or my briefs or anything that I really necessarily need to respond to that the government wrote. So I would be open to questions. Other than that, I would submit. This may be the first time I've had someone ask to go back and be sentenced by Judge Rio. I understand that, Judge. And you understand he could get more time? Absolutely. My client was clear on what he wanted raised, and I raised those issues. Well, at this point, with the passage of time, if the sentence that was imposed proceeded in due course, he'd be on work release now. I think he – my recollection of the sentence is it was 18 months, with six months to be served in the halfway house, and his period of release was like the end of June of this year. So, I mean, he's all but done with it. Correct. Which I think leads to a serious question. I don't know how recently you've consulted your client, but frankly, if I'm a defendant in that position, what I have to gain kind of pales in comparison with what I have to lose. And to be very specific about this, Judge Rio is not known for his lenience in every instance. So if you have reason to think your client might not want to pursue that element or you think there might be reason to check that, maybe you better tell us, because otherwise he does face the prospect, if he succeeds in that argument, of having to go back within a few weeks. Indeed, by the time he'd get to the point of resentencing, he'd be out. Correct. And I understand that, and I have informed my client of those things by a letter. Again, you know, I think his concern was at the time was regarding the house and all that, which was the colloquy he had with the court when he was being sentenced, that he was with his wife and he was going to lose his house once he got incarcerated. I think that was the reason for his appeal. We seem to have a choice here on this issue, whether the original sentencing judge can approve the transfer of probation, supervision, etc., but retain sentencing authority. Would you agree that appears to be an open question, at least in this circuit? Absolutely. And I look, and I know that the government looked as well, as to a sentence that addresses that issue, and it's that little paragraph at the bottom of the transfer order that he crossed out that provided Judge Carroll with that thing, and it appears to be an open question. Sort of looking at this as we must, from a system-wide point of view in the interest of justice, which is the better rule, a rule that allows the original sentencing judge to retain sentencing jurisdiction, or one that says if you're in for a pound, you're in for a penny, in for a penny, in for a pound, etc., is it better to have a rule that says, no, you can't do that? If you're going to transfer, it all has to go. We understand your client's position. You've stated it here orally and very well in your briefs, but from a system point of view, which rule makes more sense? And I think that at some level, perhaps a district court that had a defendant that they were concerned about, one way or the other, should maybe be able to retain that jurisdiction when a client moves out of town and then violates. I think that that was the one thing that struck me about, I guess, the Euler case that talks about, it's out of Oregon, and it talks about this issue. In that case, supervision was here. He goes to Oregon. He gets caught again on something, and then the judge kicks the whole matter to Oregon for obvious judicial economy. I think judicial economy is served by wherever he is being supervised, that he stay there rather than having the defendant and everybody bounce around from court to court. But at the same time, I understand the district court judge's desire maybe to keep their finger on certain defendants if they so need it. Now, whether this, maybe it should be a separate order in and of itself that explicitly lays out the reason for retaining jurisdiction. One side of the argument favors the individual independence of district judges, which we all honor and respect. The other has a lot to do with judicial economy, doesn't it? It does. And especially when you have, you know, if he's in New Jersey and was sentenced here, I mean, it causes a lot of problems, unless that district court judge had a specific reason in mind to say, you know, I want to keep my finger on this guy for whatever reason. And I would assume the judges have those people that come before them that they either are very concerned about the safety of the public or it's a favorite, if you will, and I don't mean to use that term lightly, that they want to do, you know, they want to keep their finger on. And maybe that would be a separate order that the judge could issue or whatever. And it just wasn't clear on this record, and I think that was the problem here is that it's just crossed out, and Judge Carroll says, I don't know what this means, I don't know if I should bring this up, but this is what it is, and is it a jurisdictional defect?  Thank you. Ladies and gentlemen, at this time, Mr. Drake. Thank you, Your Honor. Thank you, Your Honor. I'm going to please the court, Dan Drake, on behalf of the United States. In answer to your question, Judge Hawkins, Rule 20 of the Federal Rules of Criminal Procedure provides a similar provision for transferring cases for purposes of plea, and it requires the consent of both the U.S. Attorneys in the rendering district and in the receiving district. This statute is somewhat analogous to that, and what it does, basically, is permit the district judge who wants to keep his finger on a particular case to do so. Supervision could be transferred very easily to the probation office in the distant district, and the district judge who originally imposed sentence can maintain jurisdiction. If, however, he transfers jurisdiction, he transfers the whole thing. I didn't seem to want to do that, but he did. He took your order and he crossed it out. And I think I know this from other cases, but Judge Reel and their other judges, Judge Kuhnhauer and some others, like to keep supervising the people they sentence. And he may well have said, well, sure, you can move to Arizona, and I understand that, but if there's going to be a violation, I want to hear about it because I want to take some personal responsibility for your rehabilitation. Now, that's a motive. That's one side of the coin, as Judge Hawkins says. Can he do it? I don't know. It appears to me that if a district court wants to retain jurisdiction and put some limits on that, he's entitled to that. I'm open to persuasion on that, but I don't see any reason. Once jurisdiction is vested in a particular judge over a defendant and he's imposed sentence, if he wants to keep it, I'm not sure that he can't do that. It's a technical argument, but I'm not sure it's a good technical argument. Well, there's nothing in the statute itself that permits that. It prohibits it. No, I disagree. What the statute says is, upon transfer of jurisdiction, the district court that receives the case has all the powers of supervised release, probation, and so on, that the original district court had. And so the statute is clear in its contemplation that once the matter is transferred, everything the old court could do, the new court can now do. It does not allow for an exception for this aspect or something else. Let me give you a scenario. You've got the form in this footnote that says, this sentence may be deleted in the discretion of the transferring court. If you delete it, the order still says, transfer pursuant to the statute. On the face of it, the deletion of the sentence seems to be meaningless, as you've presented the statute to us. And frankly, as I read it, the deletion of the sentence does seem to be meaningless, and yet the form is set up to suggest to the sentencing judge, you can take this out and that means you still retain something. What is it? Right. I understand that, and I tend to agree with you that it is a meaningless sentence under the statute. Well, the statute says, it doesn't say the new court has exclusive jurisdiction, does it? It just says it authorizes the new court to take powers. Yes. To exercise all powers over the district. Yeah, but it doesn't say anything about the former court losing powers, I guess, as well. Well, let me run the scenario. I mean, the concept of two courts having concurrent jurisdiction over a particular defendant is a little bit of a mystery to me. And see how it can play out. Suppose, for example, that Judge Carroll decides, after the entry of plea, to contact Judge Reel and see what goes on. Well, at that point, all we have is either the violation report or something of that sort. Let's take it the next step, okay? Judge Reel says, well, let me know what happens, let me know what goes on at the sentencing, or get some sort of hearing. So at that point, Judge Carroll then becomes a functionary for Judge Reel and conducts the hearing. At the disposition hearing, the defendant comes forward. He and his attorney talk about particular issues. The judge gazes at him colloquially. And instead of stepping off the bench to consult with the probation officer who was present, he steps off the bench and makes a phone call to Judge Reel. He says, this is what the guy is telling me. He's saying this, and we're arguing about this. Judge Reel might want to have additional questions asked, perhaps another witness to be called or things of that sort. And so Judge Carroll then is put in the box of going back in. Probably what happens is he's transferred back to California for a hearing. I think that's the way that Judge Reel would contemplate that. Well, Judge Reel could have done that very easily. Or fly in here. I'm sorry? Or fly here. I mean, that happens in my state all the time, is that we have, because we have visiting judges, there are some visiting judges who want to keep jurisdiction over the case. And so they fly back in on the revocation hearing. But the supervision is done in the district, not by the judge who is the visiting judge. I mean, this sort of arrangement actually does happen in other jurisdictions in various forms, where you have certain types of activities administered by one district court and others, but the ultimate sentence or revocation decision is reserved to the sentencing judge. So it's not a, I mean, I think it's a bit unusual, but it's not unheard of. Yeah. None of us were present at the drafting of the form in this particular case, and perhaps we'd been consulted and might have had additional advice for them. I expect so. Pardon? I expect so. Yeah. But I think the statute and the procedures that are in place now that allow for the transfer of jurisdiction or for the court to retain jurisdiction, so it can dispose of the matter if it feels it is the proper court to do so, are appropriate. May I ask whether either of you contacted Judge Real to see whether or not he was an interested party in this case? No, I did not. I mean, it isn't that sort of a relevant question. You're appealing from Judge Carroll's decision, but you're saying Judge Real should be divested of the jurisdiction he purports to exercise, and yet nobody's notified him, right? Yeah. At this point, as far as I know, no one, including at the district court level, but either party had contact with folks in California. Are there any further questions? I don't see any. Thank you. Counsel, do you have anything further? Just one final question. Does the sentence struck out on the transfer form speak to the issue of sentence upon revocation? The sentence, to refresh your memory, is, this court hereby expressly consents that the period of probation or supervised release may be changed by the district court to which this transfer is made without further inquiry of this court. Right. I don't know, perhaps not, because I think that the reading of that could be that that would be a shortening of the term of probation, which is what the issue was. I guess the probationer from California actually came in and was discussing this issue and said the reason that Judge Real strikes that out, again, this was all sort of hearsay, but strikes that out is because he doesn't want anybody's term of probation shortened, or supervised release, I guess, shortened because without his consent. I mean, that's what it says in the transcripts. I have no knowledge, again, and I guess it's my fault as well for not contacting Judge Real on this issue, but what was the purpose of this? And we sort of had this hearsay statement from the probation officer on why that is. I don't know that the revocation and additional sentence is necessarily a modification of that original sentence. Okay. Thank you both for your argument. The case just argued will be submitted for decision. We'll proceed to the last case on the argument calendar this morning, which is the United States v. Anderson.
judges: Hawkins, Thomas, Clifton